UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN YUNZHONGGE TECHNOLOGY CO. LTD.,<br><br>                    Plaintiff,<br><br>        v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                    Defendant. | CASE NO. 2:23-cv-01693-TL<br><br>ORDER ON MOTION TO VACATE AND CROSS-MOTION TO CONFIRM ARBITRATION AWARD |

This matter is before the Court on Plaintiff Shenzhen Yunzhongge Technology Co. Ltd.'s Motion to Vacate Arbitration Award (Dkt. No. 15) and Defendant Amazon.com Services LLC's Cross-Motion to Confirm Arbitration Award (Dkt. No. 17). Having reviewed the Parties' briefing and the relevant record, the Court DENIES Plaintiff's motion, GRANTS Defendant's motion, and CONFIRMS the arbitration award.

I.    BACKGROUND

Plaintiff is an e-commerce reseller based in China. Dkt. No. 1 ¶ 2. Defendant is a provider of, among other services, e-commerce merchant services through its online marketplace

and platform. *Id.* ¶ 3. In or around December 2018, Plaintiff registered a seller account with Defendant and operated the "Yzger" account in Defendant's online marketplace. *Id.* ¶¶ 2, 11. As part of doing business there, Plaintiff entered into Defendant's Business Solutions Agreement ("BSA"). *Id.* ¶ 8; *see* Dkt. No. 1-2 (BSA). Relevant to this matter, the BSA includes an arbitration provision that mandates all disputes between merchants and Defendant be resolved through arbitration. Dkt. No. 1 ¶¶ 8, 10; *see* Dkt. No. 1-2 ¶ 18. The BSA also includes the following provision in bold type:

> If we [Defendant] determine that your account has been used to engage in deceptive, fraudulent, or illegal activity, or to repeatedly violate our Program Policies, then we may in our sole discretion permanently withhold any payments to you.

Dkt. No. 1-2 ¶ 2. The Court refers to this provision as the "Withholding Provision."

During the COVID-19 pandemic, Defendant implemented new quality controls on the sale of certain products like disposable face masks and hand sanitizer. *See* Dkt. No. 18 (Baugh declaration) at 84–87 (Restricted Products Policies), 88–99 (restrictions on COVID-19 supplies), 100–02 (Personal Safety & Household Products Policy). Beginning in March 2020, Plaintiff "capitalized on the exploding demand for personal protective equipment and masks," of which it sold over $300,000 in that first month. Dkt. No. 1 ¶ 13. However, on April 4, 2020, Defendant notified Plaintiff that its account had been deactivated because Plaintiff allegedly sold face masks in violation of Defendant's policies. *Id.* ¶ 14; Dkt. No. 17 at 8. On December 10, 2020, Defendant liquidated Plaintiff's seller account, retaining $300,266.61. Dkt. No. 1 ¶ 16.

In 2022, Plaintiff initiated an arbitration action against Defendant. *See* Dkt. No. 18 at 37–77 (demand for arbitration). Plaintiff brought five claims for relief, including contract, tort, and statutory claims. *See id.* at 43–47. In its pre-hearing brief, Plaintiff also raised the argument that the Withholding Provision is a penalty provision, not a liquidated damages provision, and is thus

1   unenforceable. *See* Dkt. No. 18 at 113–19. Following the arbitration hearing, the Parties also

2   submitted briefing dedicated solely to the enforceability of the Withholding Provision. *See id.* at

3   145–54 (Plaintiff's brief), 156–63 (Defendant's brief).

4         On August 8, 2023, Arbitrator Sasha S. Philip issued an Award denying Plaintiff all

5   requested relief. Dkt. No. 1 ¶ 23; *see* Dkt. No. 1-1 (written decision); Dkt. No. 18 at 78–83

6   (profile of arbitrator). Regarding the Withholding Provision, the Arbitrator reasoned:

> I find that the liquidated damages clause of the BSA is enforceable, as it does not constitute a 'penalty' under Washington law.
>
> Washington courts uphold liquidated damages provisions in cases where 1) the amount is 'a reasonable forecast of just compensation for the harm that is caused by the breach', and 2) the harm is 'incapable or very difficult of ascertainment.' *Watson v. Ingram*, 124 Wn.2d 845, 881 P.2d 247 (1994) (*en banc*). The testimony of Respondent's witnesses establishes that the amount of funds withheld was based on the sales velocity particular to the Claimant, and is limited to 14 days of accrued proceeds. That testimony further established that the damages provision is intended to cover both measurable harm in the form of customer refunds, as well as less measurable harm to Respondent's reputation and customer trust.
>
> Given the context in which the events at issue unfolded, *i.e.*, the sales of personal protective equipment in the midst of an unthinkable global health crisis, I am satisfied that the harm in this case is extremely difficult to ascertain. I am further satisfied that Respondent's withholding of funds based on the 14-day accrual of proceeds, although unusually high due to the sudden spike in Claimant's sales volume, is a reasonable forecast of just compensation.

Dkt. No. 1-1 at 3.

      On November 6, 2023, Plaintiff commenced this action. *See* Dkt. No. 1. Plaintiff now brings the instant motion to vacate the Award. *See* Dkt. Nos. 15, 19. Defendant opposes and brings its own motion to confirm the Award. *See* Dkt. Nos. 17, 21.

## II. LEGAL STANDARD

### A. The Federal Arbitration Act

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S 576, 582 (2008). If a party seeks to confirm an arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected" as prescribed by the FAA. 9 U.S.C. § 9.

The United States Supreme Court reads the provisions of the FAA as "substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St. Assocs., L.L.C.*, 552 U.S. at 588. In turn, the Ninth Circuit has cautioned that "[d]eference is the rule; rare indeed is the exception." *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1209 (9th Cir. 1989); *see also MultiCare Health Sys. v. Wash. State Nurses Ass'n*, 743 F. App'x 757, 759 (9th Cir. 2018) (same).

### B. Vacatur of an Arbitration Award

Under the FAA, a court may vacate an award only on the following grounds:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also* 9 U.S.C. § 11 (enumerating grounds on which a court may modify or correct an award). "Arbitrators exceed their powers when they express a 'manifest disregard of law,' or when they issue an award that is 'completely irrational.'" *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009) (quoting *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009)).

"Although the words 'manifest disregard for law' do not appear in the FAA, they have come to serve as a judicial gloss on the standard for vacatur set forth in FAA § 10(a)(4)." *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 414 (9th Cir. 2011) (first citing *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc); then citing *Bosack*, 586 F.3d at 1104). "The manifest disregard exception requires 'something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law.'" *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007) (quoting *San Martine Compania De Navegacion*, 293 F.2d 796, 801 (9th Cir. 1961)). "[T]he moving party must show that the arbitrator 'underst[ood] and correctly state[d] the law, but proceed[ed] to disregard the same." *Id.* (alterations in original) (quoting *San Martine Compania De Navegacion*, 293 F.2d at 801). "[T]here must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *Bosack*, 586 F.3d at 1104 (alteration in original) (quoting *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004)).

"Courts may also vacate awards that are 'completely irrational . . . with respect to the contract.'" *Johnson*, 635 F.3d at 414 n.10 (quoting *Bosack*, 586 F.3d at 1107). This is "another, separate gloss on the standard set forth in FAA § 10(a)(4)." *Id.* (citing *Kyocera*, 341 F.3d at 997). This standard "is extremely narrow and is satisfied only 'where [the arbitration decision] fails to

draw its essence from the agreement.'" *Comedy Club*, 553 F.3d at 1288 (alteration in original) (quoting *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461–62 (8th Cir. 2001)).

Finally, independent of the FAA, a court may vacate an award as unenforceable on public policy grounds if it finds (1) "an explicit, well defined and dominant policy exists" and (2) "the policy is one that specifically militates against the relief ordered by the arbitrator." *Aramark Facility Servs. v. Serv. Emps. Int'l Union, Loc. 1877, AFL CIO*, 530 F.3d 817, 823 (9th Cir. 2008) (quoting *United Food & Com. Workers Int'l Union, Loc. 588 v. Foster Poultry Farms*, 74 F.3d 169, 174 (9th Cir. 1995)). The relevant policy must be "ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17*, 531 U.S. 57, 62 (2000) (quoting *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983) (internal quotation marks omitted)). Further, the Ninth Circuit stresses that "'courts should be reluctant to vacate arbitral awards on public policy grounds,' because '[t]he finality of arbitral awards must be preserved if arbitration is to remain a desirable alternative to courtroom litigation.'" *Aramark Facility Servs.*, 530 F.3d at 823 (quoting *Arizona Elec. Power Co-op., Inc. v. Berkeley*, 59 F.3d 988, 992 (9th Cir. 1995)).

### III. DISCUSSION

Plaintiff seeks to vacate the Award on three different grounds. Dkt. No. 15 at 3–20; 9 U.S.C. § 10(a)(4). Specifically, Plaintiff argues that: (1) the Arbitrator "manifestly disregarded the law" when it determined that the Withholding Provision is enforceable (Dkt. No. 15 at 3–13); (2) the Award "violates strong public policy" to enforce the Withholding Provision in light of a policy against contractual penalties (*id.* at 13–18); and (3) the Award is "completely irrational

and ignores the controlling terms of the BSA" (*id.* at 18–20).[1] Defendant opposes on all grounds. *See* Dkt. No. 17. The Court considers each in turn.

A.   **Manifest Disregard of Law**

Plaintiff argues that the Arbitrator intentionally disregarded Washington law that requires a liquidated damages provision be a reasonable forecast of damages. *See* Dkt. No. 15 at 3–13. Plaintiff argues vigorously that the Withholding Provision is unenforceable because it is not a reasonable forecast of just compensation. *See id.* at 4–11. Defendant does not address the underlying merits, but instead emphasizes that the Arbitrator identified the correct law and applied it, even if it was applied incorrectly. *See* Dkt. No. 17 at 11–14. Plaintiff did not reply to Defendant's argument on this point. *See* Dkt. No. 19; Dkt. No. 21 at 9–10.

Here, the Court finds that the Arbitrator did not manifestly disregard the law in her decision. Indeed, Plaintiff concedes that the Arbitrator "noted the correct standard two-part test to determine whether a liquidated damages clause is enforceable in the Award [*i.e.*, *Watson*, 124 Wn.2d at 850] and acknowledged in the Award that parties made such arguments regarding the reasonable forecast test." Dkt. No. 15 at 12. Plaintiff also acknowledges that "[the] parties argued vigorously about the governing legal principles for the reasonable forecast test and its impact on the arbitration" and that "[t]he arbitrator was fully briefed about this matter." *Id.* Indeed, the Arbitrator's written decision reflects this presentation of this case; the Arbitrator clearly articulates the legal standard governing the enforceability of a liquidated damages provision. *See* Dkt. No. 1-1 at 3 (quoting *Watson*, 124 Wn.2d at 850).

Instead, Plaintiff effectively seeks to relitigate the question of whether the Withholding Provision is enforceable. But "[t]o the extent Plaintiff argues that the arbitrator applied the

---

[1] Plaintiff does not appear to seek vacatur on any other grounds contained in the FAA. *See* 9 U.S.C. § 10(a)(1)–(3).

standard incorrectly (as opposed to applying the wrong standard), this does not constitute a 'manifest disregard of the law,' even if Plaintiff disagrees with the outcome." *Yunnan Duobang Network Tech. Co. Ltd. v. Amazon.com Servs. LLC*, No. C23-1137, 2023 WL 8717180, at *2 (W.D. Wash. Dec. 18, 2023). This conclusion is consonant with an apparent consensus among courts of the Southern District of New York upholding arbitration awards that found the Withholding Provision to be enforceable. *See US Rising Star Inc. v. Amazon.com Servs. LLC*, No. C23-778, 2023 WL 6882337, at *3 (S.D.N.Y. Oct. 18, 2023) ("So Petitioner's argument boils down to an assertion that the arbitrator, in deciding that [the Withholding Provision] was an enforceable liquidated damages clause and not an improper penalty clause, got the law wrong. Even if Petitioner were correct (and that is an issue I have no business addressing), that error would not justify vacatur of the award."), *appeal filed*, No. C23-7809 (2d Cir. Nov. 20, 2023); *Shenzhen Lantang Cyber Tech. Co., Ltd. v. Amazon.com Servs., LLC*, No. C23-991, 2023 WL 6276691, at *8 (S.D.N.Y. Sept. 26, 2023) ("Even if this Court disagreed with the Arbitrator's analysis, that would not provide a basis to vacate the Award. . . . The Court does not sit as a court of appeal with respect to the Arbitrator's legal conclusions."), *appeal filed*, No. 23-7593 (2d Cir. Nov. 2, 2023); *see also Cowin Tech. Co., Ltd. v. Amazon.com Servs., LLC*, No. C23-3054, 2024 WL 1076542, at *5 (S.D.N.Y. Mar. 12, 2024); *Jiakeshu Tech. Ltd. v. Amazon.com Servs., LLC*, No. C22-10119, 2024 WL 36999, at *4–5 (S.D.N.Y. Jan. 3, 2024); *Shenzhen Zongheng Domain Network Co., Ltd. v. Amazon.com Servs. LLC*, No. C23-3335, 2023 WL 7327140, at *5–6 (S.D.N.Y. Nov. 7, 2023).

While the Arbitrator's decision is not particularly lengthy, the Arbitrator was fully briefed on the issue, correctly identified the legal standard, and applied the correct standard to the facts of the case. *See* Dkt. No. 1-1 at 3. Whether this Court would agree with the Arbitrator's

conclusion as a matter of first impression is irrelevant. Therefore, the Court's analysis ends here, and the Award will not be vacated for manifest disregard of the law.

B.     **Violation of Public Policy**

Plaintiff argues that the Award is in violation of "a relevant public policy against enforcing liquidated damages clauses that are penalties." Dkt. No. 15 at 15; *see also id.* at 13–18; Dkt. No. 19 at 9–14. Defendant responds that Plaintiff does not show a well-defined public policy and that Washington law favors liquidated damages clauses. *See* Dkt. No 17 at 17–19; Dkt. No. 21 at 13–18.

Here, the Court finds that enforcement of the Award is not in violation of public policy. Though dressed in different clothes, Plaintiff's argument here is simply a repackaging of its argument that the Withholding Provision is an unenforceable penalty provision, not an enforceable liquidated damages provision. But the Arbitrator reached the opposite conclusion and interpreted the Withholding Provision to be a liquidated damages provision. *See* Dkt. No. 1-1 at 3. "In insisting otherwise, Plaintiff essentially asks this Court to review the award *de novo* and conclude that the clause is a penalty. Such a review is impermissible." *Yunnan Duobang*, 2023 WL 8717180, at *2 (citing *Aramark Facility Servs.*, 530 F.3d at 823 ("[I]n reviewing an arbitral award for possible violations of public policy . . . [a] court is not authorized to revisit or question the fact-finding or the reasoning which produced the award." (alteration in original))); *see also Shenzhen Lanteng*, 2023 WL 6276691, at *10 n.6 ("[Plaintiff's] argument is that the BSA—the contract—is unenforceable under Washington State law, not that enforcement of the award would violate public policy."); *Shenzhen Zongheng*, 2023 WL 7327140, at *7 ("[T]here is more than a 'colorable justification' for the Arbitrator to have found that [the Withholding Provision] is neither an unenforceable penalty nor substantively or procedurally unconscionable.").

The court's power is limited "to situations where the contract as interpreted" would violate a relevant public policy. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43 (1987). Here, the Arbitrator interpreted the Withholding Provision to be a liquidated damages provision, and as Defendant correctly points out, Washington law favors such provisions. *See* Dkt. No. 17 at 17–18 (citing, *inter alia*, *Ashley v. Lance*, 80 Wn.2d 274, 280, 493 P.2d 1242 (1972) ("We have looked with favor on liquidated damages clauses.")). Therefore, the Award will not be vacated for violation of public policy.

C.  **Irrationality**

Finally, Plaintiff argues that the Award is irrational because the Withholding Provision contains no limitation on the amount of damages, even if the arbitrator tied the award to 14 days of revenue. *See* Dkt. No. 15 at 18–20; Dkt. No. 19 at 6–9. Defendant responds that the Arbitrator interpreted the Withholding Provision in light of the facts of this case. *See* Dkt. No. 17 at 20–21; Dkt. No. 21 at 10–13.

Here, the Court finds that the Award is not irrational. The Withholding Provision allows for "any payments" to be withheld. Dkt. No. 1-2 ¶ 2. The Arbitrator concluded from the evidence that "the amount of funds withheld was based on the sales velocity particular to the Claimant, and is limited to 14 days of accrued proceeds." Dkt. No. 1-1 at 3. The Arbitrator also noted that the Withholding Provision covers both "measurable harm" like refunds and "less measurable harm" like reputation and customer trust. *Id.* Ultimately, considering "the context in which the events at issue unfolded"—namely, the COVID-19 pandemic—the Arbitrator concluded that the "the harm in this case is extremely difficult to ascertain" and that the damages amount was a "reasonable forecast of just compensation." *Id.*

The Court finds this conclusion, and the damages amount, to be a reasonable application of the Withholding Provision. It cannot be said that the Award "fails to draw its essence from the

agreement." *Comedy Club*, 553 F.3d at 1288 (quoting *Hoffman*, 236 F.3d at 461–62). On the contrary, the Award "is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions." *Bosack*, 586 F.3d at 1106; *see also HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1241 (9th Cir. 2022) ("[The court] decide[s] only whether the arbitrator's decision draws its essence from the contract, not the rightness or wrongness of the arbitrator's contract interpretation." (quoting *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019))). Therefore, the Award will not be vacated as irrational.

Finally, having found no grounds on which the Award may be "vacated, modified, or corrected," the Court must accordingly confirm the Award. 9 U.S.C. § 9.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion to Vacate Arbitration Award (Dkt. No. 15) is DENIED, Defendant's Cross-Motion to Confirm Arbitration Award (Dkt. No. 17) is GRANTED, and the Award is CONFIRMED.

Dated this 17th day of April 2024.

Tana Lin
United States District Judge